**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-20432
_____

MORRIS R. BROUSSARD,

Petitioner-Appellee,

VERSUS

GARY L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
Houston Division

_____

June 25, 2001

Before DAVIS, WIENER, STEWART, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting the application for habeas corpus filed by Morris Broussard, a Texas state prisoner, challenging a prison disciplinary conviction on due process grounds. For the reasons that follow, we AFFIRM the judgment of the district court.

I.

Broussard is an inmate in the Texas Department of Corrections, Institutional Division, serving a ninety-nine year sentence. In 1991, a confidential informant advised the warden of the Eastham Unit at which Broussard was incarcerated that Broussard and another inmate, Lane, were planning an escape. The informant further advised that, to facilitate their escape, the two inmates had

hidden bolt cutters in the kitchen area, where both men worked. The warden ordered Hammers, a captain at Eastham, to investigate the tip, and a search of the kitchen confirmed the presence of the bolt cutters. Broussard and Lane were charged with the possession of contraband intended for use in an escape, and both were found guilty. The primary evidence offered at the prison disciplinary hearings was the testimony of Captain Hammers, the investigating officer. Hammers related the information provided to the warden by the informant and confirmed that the bolt cutters had been found in the commissary. Hammers had not interviewed the informant personally, and did not know the identity of the informant or anything about the informant. Captain Hammers knew only what the warden had told him. The disciplinary hearing officer did not allow the inmates to question Hammers as to the reliability of the informant, nor did the hearing officer receive evidence from Hammers _in camera_ on the subject. The disciplinary hearing officer found Broussard and Lane guilty, and the prisoners lost all "good time" they had accumulated.

Broussard then filed a § 1983 civil rights complaint in the district court, alleging that his due process rights had been violated during the disciplinary hearings. The magistrate judge assigned to the case conducted a hearing pursuant to _Flowers v. Phelps_, 956 F.2d 488, modified in part on other grounds, 964 F.2d 400 (5th Cir. 1992). At the _Flowers_ hearing, Warden Martin testified _in camera_, giving his reasons for concluding that the confidential informant was credible and reliable. The warden

2

admitted, however, that little, if any, of this information was imparted to Captain Hammers before the disciplinary hearing. The magistrate considered the testimony of the warden and all of the other evidence presented in the disciplinary board hearing, and recommended that the lawsuit be dismissed with prejudice. Broussard objected to this recommendation. The district court converted Broussard's suit into a petition for writ of habeas corpus (because the defendant seeks the restoration of his good-time credits)[1], and granted the writ. The district court concluded that Broussard's right to due process had been violated because the hearing officer failed to independently assess the reliability of the confidential informant. The district court further held that without the information provided by the confidential informant, no competent evidence was presented that supported the hearing officer's findings. The district court ordered that Broussard's disciplinary conviction be vacated and his good-time credits reinstated, unless the Texas Department of Criminal Justice-Institutional Division (TDCJ) provided him a new hearing within ninety days. TDCJ now appeals that ruling.

## II.

We begin by recognizing that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963,

---

[1]See Preiser v. Rodriquez, 411 U.S. 475, 488-90 (1973); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

3

2975 (1974). The Supreme Court has recognized that prisoners do not have a due process right to confrontation or cross-examination during prison disciplinary proceedings. Id. "Thus, the prisoner's right to call witnesses and present evidence in disciplinary hearings can be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'" Ponte v. Real, 471 U.S. 491, 495, 105 S. Ct. 2192, 2195 (1985) (quoting Wolff, supra, at 566, 94 S. Ct. at 2974). However, due process does require, at a minimum, that there be "some evidence" in the record to support the disciplinary decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2774 (1985).

## A.

The government does not contend that the evidence presented to the hearing officer would permit the officer to find that the confidential informant's tip was reliable. Instead, the government argues that due process concerns can be satisfied where additional information supporting the reliability of a confidential informant is presented in a later proceeding, after the disciplinary board hearing.

As stated above, due process requires that there be some evidence supporting the disciplinary determination. Hill, 472 U.S. at 454, 105 S.Ct. at 2774. It is clear that a bald assertion by an unidentified person, without more, cannot constitute "some

4

evidence" of guilt.[2]  The courts generally require that the disciplinary board independently assess the reliability of the informant's tip based on some underlying factual information before it can consider the evidence.[3]  "The touchstone is reliability...The disciplinary committee must make a reliability determination prior to its decision...upon any...reasonable basis having a factual underpinning."  Taylor, 931 F.2d at 702.

In Taylor, the Tenth Circuit observed in dicta that additional documentation supporting the reliability of the confidential informant could be submitted to the district court at some time after the conclusion of the disciplinary hearing.  Id.  Similarly, the Seventh Circuit, in Wells, reasoned that "the district court may...give prison officials the opportunity to supplement the administrative record."  Wells, 854 F.2d at 1000.

The government urges us to follow the reasoning of Wells and Taylor and hold that petitioner's due process rights have not been violated, because information establishing the reliability of the confidential informant was given by the warden, in camera, to the magistrate judge in Broussard's § 1983 case.  We are not persuaded by the government's argument.  In both Wells and Taylor, the testifying officer had some knowledge of the confidential informant's identity and the facts surrounding his reliability.  In

---

[2]See, e.g., Taylor v. Wallace, 931 F.2d 698, 701 (10th Cir. 1991).

[3]See, e.g., Hensley v. Wilson, 850 F.2d 269, 276 (6th Cir. 1988); Wells v. Israel, 854 F.2d 995, 999 (7th Cir. 1988); Taylor, 931 F.2d at 702.

5

our case, Captain Hammers had no knowledge of the identity of the confidential informant, or any other fact supporting the confidential informant's reliability.[4] Where a witness gives significant general testimony to the disciplinary board that supports a confidential informant's reliability, we do not foreclose the state from presenting additional details supporting reliability to the board or a federal court in a later proceeding inquiring into the details of that witness's knowledge.[5] In this case, however, no evidence was presented to the disciplinary board tending to support the confidential informant's reliability. Under these circumstances, we agree with the district court that the prison disciplinary board violated Broussard's right to due process by considering the confidential informant's tip as probative

---

[4]As the district court noted, the proceedings here did not comply with the TDCJ's rules governing the use of confidential informants at disciplinary proceedings. TDCJ's regulations provide:

> If information provided by a confidential informant will be used at the disciplinary hearing as additional evidence, the investigating officer must:
> ...
> b. have interviewed the informant(s) who must have some knowledge of the incident/circumstances of the alleged offenses; and determine how the knowledge was gained which led the investigator to a conclusion of guilt;
> ...
> e. testify at the disciplinary hearing that the testimony of the confidential informant is believed to be reliable, based upon his/her interview, and describe in general terms the substance of the accusation and the conclusion drawn therefrom...

Office for Disciplinary Coordination, TDCJ, Administrative Memorandum—Disciplinary No. 89-VI.E.4-01.

[5]See Wells, 854 F.2d at 1000; Taylor, 931 F.2d at 702.

6

evidence.

B.

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. See Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981). The government argues that the bolt cutters provide the necessary support for the disciplinary board's decision. When we disregard the confidential informant's tip, however, the only evidence linking Broussard to the bolt cutters is that they were found in an area in which he worked, but to which approximately one hundred inmates had access. We agree with the district court that such evidence is insufficient to satisfy even the "some evidence" standard of Superintendent v. Hill, supra.

III.

For the above reasons, the judgment of the district court conditionally granting Broussard's petition for habeas corpus relief is AFFIRMED. The TDCJ may provide Broussard with a new, constitutionally adequate hearing within ninety days of the issuance of our mandate. If such a hearing is not provided, petitioner's disciplinary conviction is hereby vacated and TDCJ is ordered to reinstate his good time credits.

AFFIRMED.