United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40740
SUMMARY CALENDAR

_____

DANIEL RAMIREZ

Petitioner - Appellee

v.

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(C-02-CV-497)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal we review the magistrate judge's decision granting Petitioner-Appellee,

Daniel Ramirez, habeas corpus relief from his disciplinary conviction for aiding and abetting an

attempt to escape. For the following reasons, we reverse and remand.

_____

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ramirez, Texas prisoner #627467, was charged with aiding an attempt to escape by stealing, possessing, and then selling a set of medical clothing he obtained while working in the prison laundry. The relevant prison regulations define an attempt to escape as "possession of contraband intended to be used in attempting to escape," and contraband as "clothes that are not approved for an offender to have."

The accusing officer testified at the disciplinary hearing that Ramirez admitted to him that he took the medical clothing from the prison laundry and sold it to Corey Hamilton, who later sold the clothing to another inmate, Brooks, on whom the contraband clothing was eventually found. Ramirez contradicted the officer's testimony, and claimed that prison officials received their information from an unnamed informant.

After being found guilty by the disciplinary hearing officer, Ramirez received 30 days' commissary restriction, 30 days' cell restriction, 15 days' solitary confinement, and loss of 730 days of good-conduct time. Ramirez exhausted his administrative remedies through the prison grievance procedure and subsequently filed a federal habeas petition.

Ramirez alleged in his petition that prison authorities received false information from a confidential informant, and that neither he, Hamilton, nor Brooks had tried to escape. He also alleged that there was no evidence to support a finding of guilt because the medical clothing was not found in his possession, and there was no written confession acknowledging that he had ever possessed the clothing. The government responded that the incident report and the accusing officer's testimony were sufficient to support a finding of guilt.

Both parties moved for summary judgment and the magistrate judge granted habeas relief on Ramirez's claim that there was no evidence to support the finding of guilt. The government timely appealed.

## II.

## STANDARD OF REVIEW

We review de novo whether there was any evidence to support a prison disciplinary board's finding. *Hudson v. Johnson*, 242 F.3d 534, 535 (5th Cir. 2001). We need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence, but instead, the relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary board. *Superintendent, Massachusetts Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1995).

## III.

## EVIDENCE SUPPORTING DISCIPLINARY CONVICTION

By requiring that all evidence from the prison disciplinary hearing bear a certain indica of reliability, the magistrate judge determined that there was no evidence that Ramirez aided an attempt to escape. Federal courts cannot, however, make independent determinations or weigh the evidence. *Hill*, 472 U.S. at 455-56.

The court below based its ruling on *Broussard v. Johnson*, 253 F.3d 874 (5th Cir. 2001), in which a prisoner was granted habeas relief from a conviction for attempting to escape. In that case, bolt cutters were found in a common area and prison officials received information that the inmate was going to try to escape. *Id*. at 875. The accusing officer who testified at the hearing had not spoken to the informant. *Id.* The court concluded that Broussard's right to process had

been violated because neither the confidential informant, nor a credibility witness, testified at the hearing, and because the bolt cutters had been found in a common area accessible by many inmates. *Id.* at 876-77.

This case is distinguishable though, because the accusing officer testified that Ramirez admitted to him that he stole, possessed, and then sold the contraband clothing. Further, the officer testified as to the medical clothing's usefulness in an attempt to escape. Ramirez presented no evidence at the hearing or in his petition that prison officials relied on an informant's tip. While the evidence is not overwhelming, there is some evidence, and therefore, the standard for upholding the disciplinary conviction is met.

IV.

CONCLUSION

For the foregoing reasons, we reverse and remand.