United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10701
Summary Calendar
_____

ROY PERRY,

Petitioner-Appellee,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-274
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The respondent appeals the district court's grant of Roy

Perry's 28 U.S.C. § 2254 petition challenging his prison

disciplinary proceeding. The district court found that there was

insufficient evidence to support a finding of guilt with respect to

the disciplinary charges that Perry participated in a riot and that

he damaged prison property during the riot. Perry lost good

conduct time in connection with his disciplinary case, and he is

eligible for mandatory release. <u>See</u> <u>Malchi v. Thaler</u>, 211 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

953, 956 (5th Cir. 2000).

"[F]ederal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994). Consequently, due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where no evidence in the record supports the decision. Broussard v. Johnson, 253 F.3d 874, 876-77 (5th Cir. 2001); see also Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Neither the Supreme Court nor this court has stated that eyewitness testimony is required to satisfy due process concerns in the context of a disciplinary charge. Hill, 472 U.S. at 455; Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001).

The record does not clearly identify the source of the charging officer's statement or Sergeant Sargent's statement that Perry was a participant in the riot. It is possible, as the district court concluded, that the sole source for the charges against Perry was medical personnel's identification of Perry as an inmate who received treatment for injuries suffered during the riot. The specificity of the charging officer's charge, noting that Perry and two other named inmates were aggressors in the riot and that Perry damaged property during the riot, makes this scenario questionable, however. The record also does not indicate

2

that the charging officer actually witnessed the alleged incidents. Still, it is only supposition that this information was based upon information from someone else, and there is no indication that the information was obtained from a confidential informant, which was the basis of information for the disciplinary charge in Broussard.

Thus, although it is unclear whether the record contains direct evidence identifying Perry as a riot participant, "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." See Hill, 472 U.S. at 457. As there was "some evidence" in the record that could support the disciplinary hearing officer's findings, the district court's judgment is REVERSED and this case is REMANDED for entry of judgment in favor of the respondent.

REVERSED AND REMANDED FOR ENTRY OF JUDGMENT IN FAVOR OF RESPONDENT.