**Leroy Steven WOFFORD,**
**Petitioner–Appellant,**

v.

**George E. SNYDER, Warden,**
**Respondent–Appellee.**

No. 03–6053.

United States Court of Appeals, Sixth Circuit.

March 3, 2004.

Leroy Steven Wofford, Lexington, KY, pro se.

Before MARTIN and CLAY, Circuit

Judges; and MILLS, District Judge.*

### ORDER

Leroy Steven Wofford, a federal prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wofford alleged that he had been found guilty of possession of marijuana in a prison disciplinary hearing in violation of his due process rights. He reported that the marijuana had been found on his bed, which is not in a secure area and was accessible to many inmates. He reported that he must have been "set up" by another inmate, which he stated was a common problem. Further, he stated that because he was held in segregation following the discovery of the marijuana, he was unable to interview potential witnesses. Following the disciplinary conviction, he lost good time, as well as being placed in disciplinary segregation and losing visitation privileges.

The district court screened the petition and dismissed it for failure to state a claim, because it appeared that the conviction was supported by some evidence. On appeal, Wofford argues that the district court erred in deciding credibility issues against him.

Upon review, we conclude that the district court properly dismissed this petition sua sponte pursuant to 28 U.S.C. § 1915A, *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999), because the allegations in the petition were insufficient to entitle Wofford to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993). Although Wofford complains that the district court did not construe his pro se petition in his favor, liberal construction need not be not afforded to mere conclusions. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987).

The district court properly concluded that the disciplinary conviction was supported by some evidence and complied with due process. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The substance, which was identified as marijuana, was found on Wofford's bed. The district court distinguished the case of *Broussard v. Johnson*, 253 F.3d 874, 876–77 (5th Cir.2001), relied on by Wofford, because in that case prison officials relied on information from an unidentified informant, and the contraband was found in a common work area. In this case, Wofford alleged that an informant must have been involved and that he had been set up, but he offered no factual support for these conclusions. Although he had been confined in segregation immediately after the incident, and unable to interview other prisoners who might have witnessed something, his subsequent release from segregation apparently did not result in any information in support of Wofford's allegations, because no such evidence was submitted.

Because some evidence supported the disciplinary conviction in this matter, and the district court was not required to accept conclusory allegations, the dismissal of the petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.