United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40290
Summary Calendar

ROBERTO DAVILA,

Petitioner-Appellee,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-252
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

The Respondent appeals from the grant of habeas relief in favor of Roberto Davila, Texas prisoner # 680990, on his prison disciplinary convictions for possession of a weapon and possession of contraband. We reverse and render judgment for the Respondent.

A prerequisite to the issuance of habeas relief is a showing of prejudice as a result of a constitutional violation. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Banuelos v. McFarland, 41 F.3d 232, 234-35 (5th Cir. 1995). Even if Davila's exclusion from his prison disciplinary hearing was arbitrary and capricious, he has nevertheless failed to show the requisite prejudice for the reasons that follow and is therefore not entitled to habeas relief.

Davila's sworn statement attested that his exclusion from the hearing prevented him from adducing both a "written statement" and the AD-92 form. Davila, however, did not adduce a copy of his "written statement" in the district court nor did he ever make an allegation regarding its contents. Davila has therefore given no indication that his written statement would have been exculpatory or would have affected the outcome of the proceedings, and he therefore cannot show that its exclusion from the hearing was prejudicial.

The AD-92 form is similarly unavailing. The AD-92 form is evidence that Davila claimed ownership of no less than 187 items of the charged contraband; the AD-92 form is therefore not exculpatory, despite its failure to include in the inventory of items confiscated from Davila's cell the plastic bag containing a brown powdered substance. See Broussard v. Johnson, 253 F.3d 874, 876-77 (5th Cir. 2001) (due process requires only that there be "some evidence" in the record to support a prison disciplinary decision).

REVERSED AND RENDERED