**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**January 4, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-40346
Summary Calendar
_____

ROBERT P. DIXON, JR.,

                                                                Petitioner-
                                        Appellant,

                          versus

SUZANNE HASTINGS, Warden,

                                                                Respondent-
                                        Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-74-DF
-------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Robert P. Dixon, Jr., federal prisoner # 26529-034, is appealing the district court's dismissal

of his 28 U.S.C. § 2241 habeas petition seeking to have disciplinary action expunged from his central

record. Dixon argues that he was denied due process in connection with disciplinary charges which

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

falsely accused him of misconduct. He further argues that Officer Vanderbilt filed the charges against him in retaliation for Dixon's filing grievances against the officer.

To the extent that Dixon argues that he was denied due process because the Board of Prisons (BOP) officials failed to comply with their own regulations regarding disciplinary proceedings, he does not state a constitutional claim. See Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989).

Dixon's loss of commissary privileges, cell restriction, placement in administrative segregation, and extended work schedule were not atypical punishments requiring due process protections. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997); Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000). Further, insofar as the alleged lack of evidentiary basis for the charges, due process was satisfied because there was some evidence to support the disciplinary action taken. See Broussard v. Johnson, 253 F.3d 874, 876-77 (5th Cir. 2001).

In connection with his claim of retaliation, Dixon is seeking a copy of Vanderbilt's employment record to show his pattern of retaliatory conduct. Even assuming that Dixon could use the employment record to set aside the alleged retaliatory disciplinary action complained about herein, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of this disciplinary action. Because Vanderbilt's alleged acts of retaliation have not extended the duration of Dixon's sentence, he is not entitled to habeas relief on this claim. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The order of the district court dismissing the 28 U.S.C. § 2241 habeas petition is AFFIRMED.