Jesse **QUINTANILLA**, Petitioner–Appellant,

v.

Terry **O'BRIEN**, Respondent–Appellee.

No. 04–3931.

United States Court of Appeals, Seventh Circuit.

Submitted March 30, 2005.*

Decided March 30, 2005.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jesse Quintanilla, Ashland, KY, pro se.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Respondent–Appellee.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

A prison guard, acting on an inmate's tip, found a seven-inch, hand-sharpened shank under federal prisoner Jesse Quintanilla's mattress. Quintanilla was charged with possessing dangerous contraband and brought before a Discipline Hearing Officer in March 2003. The evidence at the hearing consisted of a statement by the guard, Officer Rutter, describing his discovery of the shank; a photograph of the weapon; a memorandum written by Rutter detailing the tip that led to the search (Quintanilla did not learn about the memo until later); and testimony by Quintanilla, who asserted that the weapon was planted by another inmate. Quintanilla was found guilty and punished, and after unsuccessfully appealing through the Bureau of Prisons, he filed a petition for a writ of habeas corpus, 28 U.S.C. § 2241, arguing that the conviction did not satisfy due process because it was supported by insufficient evidence, and because he was denied access to material and exculpatory evidence (the Rutter memo). The district court denied the petition and Quintanilla now appeals. We affirm.

On appeal Quintanilla contends that the district court erred by concluding that he was convicted on "some evidence" sufficient to comport with due process. He argues that the discovery of the shank under his mattress is not strong enough evidence to support his conviction. "Some evidence" is a lenient standard; the relevant question is whether *any* evidence in the record could support the disciplinary board's conclusion. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). Even meager proof will suffice. *Webb*, 224 F.3d at 652. The discovery of contraband in Quintanilla's cell is sufficient to support the conviction.

Quintanilla contends, however, that since he was never seen holding the weapon, his is a case of constructive possession, and he argues that the odds the weapon was his are too slim to conclude that its discovery constitutes some evidence. He asserts that his case should be controlled by *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992), where we held that an inmate constructively possessed weapons found in the

cell he shared with three others, but observed in dicta that had the cell been accessible by 32 others as the inmate argued, the evidence would have been insufficient to support a conviction. Quintanilla asserts that since his cell door was kept unlocked during the daytime, 240 other inmates had access to his cell, and a one in 240 probability that the weapon was his is not some evidence.

Like the plaintiff in *Hamilton*, Quintanilla did not make this argument at his initial disciplinary hearing. *See id.* at 345–46. But even if he had, the constructive possession argument fails. No published circuit case holds that an inmate in Quintanilla's situation—the sole occupant of a cell with an unlocked door—cannot be convicted based on the discovery of contraband in his cell because he shares an equal probability of guilt with each member of the prison's general population. Nor does Quintanilla benefit from his reliance on the Fifth Circuit's decision in *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir.2001). There, the discovery of a pair of bolt cutters in the kitchen area where the plaintiff worked, an area accessible to 100 other inmates, did not amount to some evidence supporting a conviction for possessing contraband. But the kitchen in that case was a general common area that dozens of prisoners used regularly, whereas the cell in this case is the exclusive domain of one prisoner. Absent evidence that other prisoners had entered his cell—and Quintanilla provided none—it would be unreasonable to ascribe an equal probability of guilt to the entire prison population. Such an assumption would mean that in every prison that does not operate on continuous lockdown, finding drugs or weapons in a prisoner's cell would be insufficient evidence of malfeasance to support a conviction in compliance with the requirements of the Due Process Clause. Like the district court, we believe that the discovery of the shank in Quintanilla's cell provides some evidence to support the conviction, and that summary judgment was therefore appropriate.

■ Next Quintanilla challenges the district court's rejection of his argument that prison officials' failure to provide him access to the Rutter memo established a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for the withholding of material, exculpatory evidence. He contends that the memo, which simply notes that Officer Rutter was tipped off by an inmate that Quintanilla was fashioning a weapon, proves that another inmate (presumably the informant) planted the shank in his cell. It proves no such thing.

Prisoners in disciplinary hearings must be allowed access to evidence favorable to their defense. *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir.2003). The purpose of this rule is to ensure that the hearing officer considers all the relevant evidence and to enable the prisoner to put on his best defense. *Id.* at 678. But *Brady* does not compel access to evidence that is not exculpatory, *see United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir.2001); *United States v. Kates*, 174 F.3d 580, 583 (5th Cir.1999), which the Rutter memo was not. The tip indicates how the prison guard learned of the shank, which is distinct from how the shank found its way into Quintanilla's cell. The mere fact of the informant's tip in no wise proves or even tends to prove that the weapon was planted; in the district court's words, such an inference is "quite a stretch." The hearing officer therefore did not need to provide Quintanilla with access to the memo, and summary judgment on this claim was proper.

AFFIRMED.