# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-40276
Summary Calendar

JERRY LEWIS DEDRICK

Petitioner - Appellant

v.

T.C. OUTLAW, Warden

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-95

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry Lewis Dedrick appealed the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. We AFFIRM.

Dedrick lost good-time credits after three independent prison disciplinary actions. He filed for a writ of habeas corpus, alleging that the prison disciplinary proceedings violated his procedural due process rights. Adopting the magistrate judge's report and recommendation, the district court denied the writ.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Dedrick argues that prison officials violated his due process rights by refusing to call certain witnesses at Dedrick's request, failing to give Dedrick an incident report within twenty-four hours of each incident, and failing to produce certain evidence in the disciplinary proceeding.

Good-time credit revocation proceedings must meet due process requirements. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Prison officials should: (1) provide advance written notice of at least twenty-four hours to the prisoner before the proceeding; (2) issue a written statement of the factfinders of the evidence they relied on and the reasons for their action; and (3) allow the prisoner an opportunity to call witnesses and present documentary evidence in his defense. *Id*. at 563-68. Recognizing the possibility for institutional disruption in the third requirement, the Supreme Court found confrontation and cross-examination of witnesses not to be required. *Id*. at 567-68. It is within the prison officials' discretion to refuse to call witnesses, and they may do so without providing explanation to the prisoner. *Id*.

Dedrick's first two claims relate to the disciplinary hearing procedure. The district court did not err in concluding that Dedrick's requested witnesses were unnecessary. Thus, the court properly concluded that the prison officials did not abuse their discretion in denying Dedrick's request to call those witnesses.

The incident report was given to Dedrick within twenty-four hours of the disciplinary proceeding. That is exactly what *Wolff* requires.

The final claim relates to the sufficiency of the evidence. A decision made after a prison disciplinary proceeding need only have some evidence to support it. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). The district court did not err in finding some evidence to support the revocation of Dedrick's good-time credits.

There has not been a showing that Dedrick's due process rights were violated. Accordingly, we AFFIRM.