# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-10322
Summary Calendar

BOYD JIM FLANNAGAN,

Petitioner-Appellant,

v.

REBECCA TAMEZ, WARDEN, FCI FORT WORTH,

Respondent-Appellee.

Appeals from United States District Court
for the Northern District of Texas
U.S.D.C. No. 08CV465

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order denying Boyd Jim Flannagan's[1] 28 U.S.C. § 2241 application for habeas corpus challenging his prison disciplinary conviction on due process grounds. For the reasons that follow, we AFFIRM the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Petitioner Boyd Jim Flannagan, Reg. No. 05210-090, is a federal prisoner who is currently incarcerated in the Federal Correctional Institution ("FCI-Fort Worth") in Fort Worth, Texas.

No. 09-10322

On August 17, 2007,[2] Flannagan was charged by incident report with the prohibited act of Conduct Which Disrupts, code 199; and Possession, Manufacture, or Introduction of a Hazardous tool, code 108, after a search of his room revealed contraband, specifically: a cell phone and charger located in a concealed hole in the wall next to a bed assigned to him and another inmate. Thus, the contraband was found in a common area that adjoined the sleeping quarters of five inmates, including Flannagan. All five inmates, however, denied ownership of the contraband.[3] Flannagan received a copy of the incident report, was advised of his rights in connection with the disciplinary proceeding, and subsequently appeared for a disciplinary hearing before a disciplinary hearing officer ("DHO") on September 6, 2007.

On September 12, 2007, after reviewing the evidence– including the incident report, Flannagan's statements, and the Bureau of Prisons Program Statement 5270.7 (requiring inmates to keep their assigned areas free of contraband)– the DHO found that constructive possession applied and found Flannagan guilty of the charged offense.[4] Flannagan received a copy of the DHO's report and filed an appeal to the Regional Director on September 26, 2007. After exhausting his administrative remedies, Flannagan filed the instant habeas corpus petition. In his petition, Flannagan argues that there was no evidence to justify the DHO's determination that he had constructive possession over the contraband in the common area of his cell, and consequently, he asserts

---

[2] These events first unfolded at Federal Prison Camp, in Yankton, South Dakota, as Flannagan's transfer to FCI-Fort Worth was a disciplinary transfer that did not occur until *after* and as a result of the DHO's September 12, 2007 decision.

[3] All five were charged with constructive possession of the contraband.

[4] As a result of the DHO's decision, Flannagan lost 40 days of good conduct time; he forfeited 270 days of non-vested good conduct time; he lost telephone and visiting privileges; he incurred 60 days of disciplinary segregation; and he was subjected to a disciplinary transfer to FCI-Fort Worth.

that his due process rights were violated. The district court granted the Defendant-Appellee's motion for summary judgment and entered judgment against Flannagan. Flannagan timely filed this appeal.

"In an appeal from a district court's denial of habeas relief, we review the findings of fact for clear error and rulings of law *de novo*." *Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003). On appeal, Flannagan contends that his due process rights were violated since no evidence supports the DHO's decision to discipline him. Having reviewed the facts and the district court's application of the law to them, we conclude that the district court did not err in denying Flannagan's habeas petition.

First, we begin our analysis by noting that although prisoners do not shed *all* constitutional rights by virtue of their incarceration, their "rights are . . . subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Consequently, in identifying the safeguards required by due process, the Court has recognized the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454-455 (1985). As a result of these important considerations, we have held that "[t]he federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

Instead, in reviewing prison disciplinary findings under federal habeas corpus, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Id*. That is, "[n]o de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action taken by the prison

officials." *Id*. (citation omitted). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001); *see also Superintendent, Mass. Corr. Inst.*, 472 U.S. at 455-456 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."); *Morgan v. Dretke*, 433 F.3d 455, 456 (5th Cir. 2005) ("The 'some evidence' standard is extremely deferential-we have found a single report or testifying witness sufficient to support an adverse disciplinary decision.").

In this case, and specifically in light of Program Statement 5270.7, we conclude that there was "some" evidence to support the DHO's guilty finding. The incident report provides evidence that the contraband was found in an area that Flannagan shares with only five other inmates– in the wall near his bunk bed. Since the DHO considered this report in making his finding, we find that there is "some" evidence in the record to support the DHO's conclusion that Flannagan was guilty of constructive possession of the contraband.[5] *See United States v. McKnight*,  953 F.2d 898, 901 (5th Cir. 1992) ("In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located.").[6]

---

[5] On appeal, Flannagan argues that, *after* the DHO's September 12, 2007 decision finding Flannagan guilty, one of his cell-mates confessed to having placed the contraband in their common area.  However, because we are reviewing the evidence to determine whether the evidence before the DHO supported his disciplinary finding, we do not consider evidence that was not before the DHO at the time he made his decision. Furthermore, even if we were to adopt the factual finding that one of the other five inmates placed the contraband in the wall next to his bunk bed, that would not preclude the DHO's finding of constructive possession, since Flannagan would still have "dominion[] or control over the  . . . the premises in which the contraband is located." *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).

[6] We note that this Court in *Broussard* reversed a disciplinary board's finding and held that contraband found in an area to "which approximately one hundred inmates had access" did not qualify as the sort of evidence upon which the prison disciplinary board could base its adverse finding of constructive possession. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). The present case is distinguished, however, on the basis that in *Broussard*, the

No. 09-10322

Contrary to Flannagan's contentions, this is not a case where the record is devoid of any evidence to support the DHO's decision.  Accordingly, this court is not free to retry the disciplinary charge and substitute its opinion for that of the DHO.

For the aforementioned reasons, we AFFIRM the district court's denial of the Petitioner-Appellant's habeas corpus.

---

contraband was found "in an area *in which he worked*[, where] . . . approximately one hundred inmates had access." *Id.*  Although Flannagan contends that the Yankton facility is a low-security facility, and consequently, any of the inmates could have entered his living space through the unlocked door– the fact that the contraband was found in a hole in the wall near his bunk bed– in his *living* space as opposed to his *work* space– renders the present case outside of this Court's reasoning in *Broussard.*  The plausible common access in the present case does not preclude the disciplinary board's construction possession conclusion since the contraband was found in Flannagan's living quarters.  Furthermore, the fact that four other inmates shared the same common living area does not prevent the DHO from finding constructive possession since constructive possession "may be joint amount several individuals." *United States v. Riggins*, 563 F.2d 1264, 1266 (5th Cir. 1977); *see also United States v. Maspero*, 496 F.2d 1354, 1359 (5th Cir. 1974) ("Dominion and control can be either exclusive or shared.").