Rodriguez v. Lindsay

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
> Robert A. Katzmann,
> Gerard E. Lynch,
> Denny Chin,
> > *Circuit Judges.*

————————————————————————

Nelson Rodriguez,

> *Petitioner-Appellant,*

> v.                                            11-3038

Cameron Lindsay, United States of America,

> *Respondents-Appellees.*

————————————————————————

FOR PETITIONER-APPELLANT:     Nelson Rodriguez, *pro se*, White Deer, PA.

FOR RESPONDENTS-APPELLEES:    Jo Ann M. Navikas, Thomas M. Sullivan, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Nelson Rodriguez, *pro se* and incarcerated, appeals the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Rodriguez's petition alleges that a prison disciplinary proceeding, in which he was found to have possessed a weapon and sanctioned by, *inter alia*, the loss of 40 days of good time credit, violated his right to procedural due process. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* a district court's denial of a § 2241 petition. *See Sash v. Zenk*, 428 F.3d 132, 134 (2d Cir. 2005). Because "[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, to comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the

reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67). We have stressed that, in the context of such disciplinary proceedings, "the *only* process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*." *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004).

Here, the record confirms that the minimum procedural due process requirements outlined in *Wolff* were satisfied and we therefore affirm for substantially the reasons set forth by the district court in its June 30, 2011 memorandum decision and order. On appeal, Rodriguez argues that, in violation of the then-applicable Bureau of Prisons ("BOP") regulations, he was not presented with a copy of the incident report containing the charges against him within 24 hours after BOP staff discovered a sharpened toothbrush under his mattress on December 19, 2008. *See* 28 C.F.R. § 541.15(a) (2010). As noted above, however, Rodriguez was constitutionally entitled only to the process outlined in *Wolff*, *see Shakur*, 391 F.3d at 119, and *Wolff*'s relevant 24-hour notice period does not run from the perpetration of the alleged incident, but rather works backward from the beginning of the disciplinary hearing relating to that incident, *see Sira*, 380 F.3d at 70 ("Due process requires that prison officials give an accused inmate written notice of the charges against him twenty-four hours prior to conducting a disciplinary

3

hearing."). While there is some discrepancy in the record regarding the date on which Rodriguez received the incident report, it is apparent that he received the report by January 5, 2009 at the latest, which was two days before his initial hearing and nine days prior to his final hearing before the Discipline Hearing Officer ("DHO"). Accordingly, Rodriguez received constitutionally sufficient notice of the charges against him.

Rodriguez next argues that insufficient evidence supported the DHO's determination that he possessed the weapon found under his mattress given that he was housed in an "open" dormitory unit containing 120 other inmates, any one of which, he asserts, could have hidden the weapon under his mattress. Judicial review of the written findings of a prison hearing officer's disciplinary ruling leading to the loss of good time credit is limited to a determination of whether the disposition is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). As we have noted, the "some evidence" standard outlined by the Supreme Court in *Hill* "is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." *Sira*, 380 F.3d at 69 (quotation marks omitted). Here, during his disciplinary hearing, Rodriguez did not contest that the weapon was found under his mattress, nor did he request the testimony of any witnesses. Instead, he simply asserted that the weapon did not belong to him and that he had

4

been "set up" by unidentified individuals.  Given the absence of any contradictory evidence at the hearing other than Rodriguez's self-serving statement that he was "set up," there is nothing to undermine the DHO's reasonable conclusion that Rodriguez was responsible for the weapon found under his mattress.

Rodriguez's reliance on *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), the facts of which he contends are "identical" to his case, does not undermine our conclusion that the DHO's finding was supported by "some evidence."  In *Broussard*, the Fifth Circuit concluded that the discovery of a pair of bolt cutters in the kitchen area where an inmate worked, which was accessible to 100 other inmates, did not amount to some evidence supporting a conviction for possessing contraband.  *See id.*  Here, however, as the district court noted, Rodriguez's bunk was not truly a "common" space of the kind contemplated in *Broussard* because it was Rodriguez's personal living area, as opposed to his work area, and it can be reasonably expected, in the absence of other evidence, that an inmate will monitor his personal living space to keep it free from contraband.

Finally, Rodriguez has waived his arguments, raised for the first time on appeal, that the DHO rejected his request to review security camera footage of the dormitory and that several other inmates were within an "arm's distance" of his bunk shortly before the weapon was discovered under his mattress.  *See Joseph*

5

*v. Leavitt*, 465 F.3d 87, 93-94 (2d Cir. 2006) ("These arguments are waived . . . as they were not . . . argued in the district court."). Moreover, even if we were to consider these arguments, they find no support in the record. There is no indication in the DHO's report that Rodriguez requested security camera footage at his disciplinary hearing and he affirmed, at the beginning of the hearing, that he was "ready to proceed." Additionally, in his statement at the DHO hearing, Rodriguez made no mention of the other inmates who were allegedly in close proximity to his bunk shortly before the weapon was discovered. Thus, the DHO had no opportunity or obligation to consider this purported evidence.

We have considered all of Rodriguez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

6