# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2014

Lyle W. Cayce
Clerk

STANLEY PRUITT,

Petitioner-Appellant

v.

MARK MARTIN, Warden; FEDERAL BUREAU OF PRISONS,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-563

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Proceeding pro se and in forma pauperis, Stanley Pruitt, federal prisoner # 21986-044, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging his disciplinary conviction that resulted in the loss of 41 days of good conduct time and other sanctions. Pruitt argues, as he did in the district court, that the disciplinary proceedings failed to comport with due process

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41357

because there was insufficient evidence to support his conviction for possession of a cell phone.

When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, a disciplinary proceeding comports with due process if, among other things not at issue in this appeal, there is "some evidence" in the record to support the disciplinary conviction. *See Richards v. Dretke,* 394 F.3d 291, 294 (5th Cir. 2004).

This court reviews de novo whether there is "some evidence" in the record to support the findings of the prison disciplinary board. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). The disciplinary decision in this case was based on the correctional officer's report that a cell phone was found under the pillow on Pruitt's bed during a random search of the cell in which Pruitt was being housed. The evidence presented to the disciplinary hearing officer included a photograph of the seized cell phone and two incident reports: the original report, reflecting that a cell phone was found on Pruitt, and a revised report, specifically reflecting that the cell phone was found under Pruitt's pillow.

Although Pruitt attacks the evidence presented, we do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction. *Richards*, 394 F.3d at 294 (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985)). Further, although Pruitt asserts that prison officials should have dusted the cell phone for fingerprints and checked the cell phone to see if any

No. 13-41357

calls had been made or received, due process does not require that such evidence be presented. *See Wolff*, 418 U.S. 563-66. Additionally, although other inmates had access to Pruitt's cell and could have gained access to Pruitt's bed, Pruitt had greater dominion and control over his own bed, *see Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010), and was personally responsible, under prison rules, for keeping his bed free of contraband.

Under the circumstances, there is "some evidence" in the record to support Pruitt's disciplinary conviction, and the disciplinary proceedings thus satisfied the requirements of due process. *See Teague*, 482 F.3d at 773; *Richards*, 394 F.3d at 294. Accordingly, the judgment of the district court is AFFIRMED.