Leyva v. Warden

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand seventeen.

PRESENT:
> **DENNIS JACOBS,**
> **PIERRE N. LEVAL,**
> **REENA RAGGI,**
> > *Circuit Judges.*

_____

**Cayetano Yepez Leyva,**

> *Petitioner-Appellant*,

> v.                                                                 16-1883

**Warden,**

> *Respondent-Appellee*,

**Federal Bureau of Prison,**

> *Respondent*.

_____

**FOR PLAINTIFF-APPELLANT:**           Cayetano Yepez Leyva, Ray Brook, NY.

**FOR DEFENDANTS-APPELLEES:**           Charles E. Roberts, Karen Folster Lesperance, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Cayetano Yepez Leyva, a federal prisoner appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Leyva's petition alleged that a disciplinary hearing officer ("DHO") denied him due process during a prison disciplinary proceeding in which Leyva was found to have been in possession of a cellphone and charger. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241. *See, e.g., Sash v. Zenk*, 428 F.3d 132, 134 (2d Cir. 2005). Judicial review of the written findings of a prison hearing officer's disciplinary ruling leading to the loss of "good time" credits is limited to a determination of whether the disposition is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (internal quotation marks omitted).[1]

Upon review, we conclude that the disciplinary ruling is supported by some evidence. Leyva's contrary argument relies primarily on the Fifth Circuit's decision in *Broussard v.*

---

[1] We have also explained that the "some evidence" standard requires "reliable evidence." *Sira*, 380 F.3d at 69. However, Leyva does not dispute that the evidence upon which the DHO relied was reliable, only whether it was sufficient.

*Johnson*, 253 F.3d 874 (5th Cir. 2001), which held that the discovery of a pair of bolt cutters in the kitchen area where an inmate worked—which was accessible to 100 other inmates—did not amount to "some evidence" supporting a conviction for possessing contraband. *Id.* at 877. Leyva contends that his situation is "identical" to that in *Broussard* because 170 other inmates had access to his cubicle, and that the DHO's conclusion that he was in constructive possession of the cellphone and charger was therefore erroneous. Unlike in *Broussard*, however, Leyva's cubicle was not a truly "common" space because it was his personal living area, and the contraband was discovered in a hole in the wall under his bunk. And the only evidence presented by Leyva was his denials and the self-interested assertions of his cubicle mate, who was also being disciplined because of the cellphone and charger.[2]

We have considered Leyva's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Leyva additionally argues that the DHO was biased, should have requested forensic analysis of the cellphone, and should have interviewed another inmate about the phone. However, Leyva failed to raise these arguments below and has therefore forfeited them. *See, e.g., Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). In any event, these arguments would also fail based on the conclusion above that the disciplinary ruling was supported by some evidence and the fact that Leyva only conclusorily asserts bias.