United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

REVISED DECEMBER 29, 2005
**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 04-20254

_____

GEORGE CLERON MORGAN,

Petitioner-Appellant,

VERSUS

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(4:03-CV-1833)

Before JONES, DeMOSS, and OWEN, Circuit Judges.

DeMOSS, Circuit Judge:

George Cleron Morgan, Texas prisoner number 1125877, filed the instant 28 U.S.C. § 2254 habeas corpus petition to challenge a prison disciplinary proceeding finding him guilty of assaulting an officer with a non-serious injury resulting. The district court granted Respondent's motion for summary judgment, dismissed Morgan's petition, and denied a certificate of appealability ("COA"). Morgan timely appealed the district court's dismissal and moved this court for a COA, which was granted in part and denied in part on October 12, 2004. The two issues on which we granted a COA

and that we must decide in this appeal are (1) whether the evidence was sufficient to sustain Morgan's disciplinary conviction and (2) whether the district court erroneously construed the disciplinary code. For the reasons stated herein, we reverse the district court's judgment denying habeas relief and remand with instructions.

I.

Morgan is currently serving two lengthy sentences in the custody of the Texas Department of Criminal Justice ("TDCJ"), one for retaliation and the other for possession of cocaine with intent to deliver. He does not contest the constitutionality of his state court convictions or sentences. Instead, he challenges the constitutionality of a prison disciplinary action taken against him in which he lost good time credits.

On January 28, 2003, corrections officer Sergeant M. Hunt ("Hunt") stopped Morgan for inspection of an envelope Morgan was carrying. During the inspection, Hunt took the envelope from Morgan and ordered him to submit to a strip search. Morgan initially refused to obey Hunt's order but ultimately complied. After Hunt completed the strip search, Morgan repeatedly demanded that Hunt return his envelope, and when Hunt did not, Morgan charged Hunt and hit Hunt's left shoulder with his own. Officer Hunt subsequently filed an offense report, accusing Morgan of a Level 1, Code 3.3 offense that included as an element assault resulting in a non-serious injury, although the charging document indicated that the

assault with which Morgan was charged resulted in no injury. The disciplinary hearing officer found Morgan guilty of the charged offense and prescribed a punishment of 45 days of recreation and commissary restrictions, 42 hours of extra duty, 15 days of solitary confinement, a reduction in his line class status from LI to LIII, and the forfeiture of 180 days of earned good time credits.

Morgan challenged the disciplinary proceeding by filing with TDCJ a step one grievance on February 5, 2003 and a step two grievance on March 3, 2003. Both grievances were ultimately denied. Having exhausted the available state remedies, Morgan filed the instant § 2254 habeas corpus petition in district court, arguing that his right to due process was violated in a disciplinary action taken by prison officials. Respondent filed for summary judgment, and Morgan answered by filing both a response and his own motion for summary judgment. The district court granted Respondent's motion for summary judgment, dismissed Morgan's petition, and stated that a COA would not issue. Morgan appealed to this court and requested that we issue a COA. We granted Morgan's request with respect to two issues, but denied it as to the other three.[1] Thus,

---

[1]This Court lacks jurisdiction to consider issues on appeal that were not before the district court when it made its COA decision, and a COA will not issue with respect to an issue unless the petitioner makes a substantial showing of the denial of a constitutional right. *Morgan v. Dretke*, No. 04-20254 (5th Cir. Oct. 12, 2004) (order granting COA in part). Two of the five issues presented on appeal were not raised below, and we therefore denied the motion for a COA as to those claims. *Id.* Further, Morgan did not make the requisite showing with respect

the issues on appeal are (1) whether the evidence was sufficient to sustain Morgan's disciplinary conviction and (2) whether the district court erroneously construed the disciplinary code.

## II.

Morgan argues that the evidence was insufficient to sustain his disciplinary conviction because there was no evidence to show that the officer he assaulted was injured. He also argues that the district court erred by determining that the offender handbook in question had no provision for disciplining an offender who assaults an officer without injury resulting. On appeal, we review a district court's findings of fact for clear error and questions of law de novo. *Salazar v. Dretke*, 419 F.3d 384, 394 (5th Cir. 2005). Because we find in favor of Morgan with respect to both arguments, we reverse and remand with instructions for the district court to grant habeas corpus relief.

## A.

Morgan's sufficiency of the evidence argument amounts to a due process challenge.[2] It is well established that "'[p]rison

---

to one of the five issues he appealed, so we also denied the COA as to that claim. *Id.*

[2]We note here for completeness' sake that it is the protected liberty interest in good time credits that implicates due process concerns and that state law determines whether good time credits constitute a protected liberty interest in a given state. *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Although we have not decided whether good time credits (more specifically, Texas's mandatory supervision scheme for earned good time credits) constitute a protected liberty interest under current Texas law, we need not address the issue here because Respondent waived the issue by failing to raise it either in the

disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). For example, a prisoner does not have "a due process right to confrontation or cross-examination during prison disciplinary proceedings." *Id.* However, there are some rights that are nonetheless protected, including the right not to suffer an adverse disciplinary decision absent sufficient proof: "due process does require, at a minimum, that there be 'some evidence' in the record to support the disciplinary decision." *Id.* (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)).

The "some evidence" standard is extremely deferential — we have found a single report or testifying witness sufficient to support an adverse disciplinary decision. *See, e.g.*, *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (finding one officer's incident report sufficient); *Smith v. Rabalais*, 659 F.2d 539, 545 (Former 5th Cir. 1981) (finding "unsupported and generalized testimony based entirely on information from an unidentified prison informant" sufficient). However, it is not the quantum or quality of evidence that is at issue in this case. This case is unique among disciplinary hearing cases in this Circuit in that the evidence in the record does not fit the charge.

district court or on appeal. *Id.* Thus, we assume that Morgan has a constitutional interest in his good time credits and that the loss of those credits implicates due process concerns.

The Texas prison disciplinary rules, which are published by the Correctional Institutions Division of the TDCJ, stated at the time of Morgan's disciplinary conviction that "assaulting an officer, or any other person who is not an offender, without a weapon, *which results in a non-serious injury*" was a Code 3.3 offense. TEX. DEP'T CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 24 (rev. ed. Sept. 2003) (emphasis added). A Code 3.3 offense, therefore, required as an element that the officer suffer a non-serious injury.[3] There is no question that there is "some evidence" to support the factual conclusion in this case, that Morgan "assaulted Sgt. M. Hunt by charging [Hunt] with his left shoulder. The assault did not result in any injuries." (R. at 217.) But that factual conclusion, without more, cannot support a finding that Morgan committed a Code 3.3 offense, any more than it could support a finding that Morgan committed an assault with a weapon or attempted escape. No one contends that Hunt was injured. In fact, both sides agree that there was *no* injury to Hunt. Because there is no evidence to support a requisite element of the disciplinary offense, there is insufficient evidence to support the adverse disciplinary decision.

B.

---

[3]The Texas prison disciplinary rules now state that "assaulting an officer, or any other person who is not an offender, without a weapon, which results in a non-serious injury *or no injury*" is a Code 3.3 offense. TEX. DEP'T CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 23 (rev. ed. Jan. 2005) (emphasis added). Injury is no longer required.

Morgan also prevails on his second argument — that the district court erred by determining that the offender handbook in question had no provision for disciplining an offender who assaults an officer without injury resulting. The court below purported to take judicial notice that the Texas prison disciplinary rules "do[] not include a specific offense of assault against an officer where no injury results" and concluded that Texas's disciplinary action deserved to be upheld because "there is no question that a prison should be able to impose severe disciplinary sanctions on a prisoner who assaults an officer, even with no injury resulting." (R. at 213.) The court therefore interpreted Code 3.3 to include an assault that results in "no injury."

The district court reached this decision by analogizing Texas's prison disciplinary rules to Texas state law, which does not require an injury for a conviction of assault. But the definition of assault under Texas state law is irrelevant to this case. Although it is true that Texas Penal Code § 22.01(a)(3) only requires intentional or knowing physical contact, not an injury, Morgan was not convicted under § 22.01(a)(3); instead, he was found guilty of committing an assault with the additional element of a non-serious injury.

Moreover, the district court viewed the lack of a "no injury" provision in Code 3.3 as an "oversight" and concluded that an oversight in drafting the disciplinary rules "should not mean that the Texas Department of Criminal Justice cannot appropriately

punish inmates for [assaulting an officer with no injury resulting]." But Texas's prison disciplinary rules do contain at least one provision for punishing an inmate who assaults an officer without injuring him. For example, it is a Level 2, Code 46 offense for an inmate to make "unauthorized physical contact with any person who is not an offender," and it is a Level 1, Code 10 offense for an inmate to commit any felony under the laws of Texas or the United States, one of which is assault in violation of Texas Penal Code § 22.01(a)(3). TEX. DEP'T CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 25, 29 (rev. ed. Sept. 2003). In addition, the disciplinary rules prohibit attempting, conspiring, or helping others to engage in prohibited behavior. *Id.* at 22. However, no one suggested that Morgan attempted to injure Hunt, and Morgan was not charged with committing a Code 46 or a Code 10 offense.

Respondent contends that the mere fact that Morgan knew his conduct was unlawful is sufficient to support his disciplinary conviction. However, a Level 1 offense of "assaulting an officer with no injury resulting" is a creation of the hearing officer and the district court, and has no basis in the disciplinary rules. Respondent lacked authority to punish Morgan under Code 3.3 for a nonexistent offense.

Finally, *Talib v. Gilley*, 138 F.3d 211 (5th Cir. 1998), a case cited by Respondent for the proposition that prisons may punish inmates as they see fit, is inapposite. In *Talib*, an inmate was deprived of meals by a guard for failing to follow unwritten prison

policies involving food distribution. *Talib*, 138 F.3d at 212. This Court held that prison policies would be entitled to deference if they related to a legitimate penological interest and that actions taken to enforce such policies would be given similar deference. *Id.* at 214-15. Here, Morgan does not challenge the validity of policies, written or unwritten, designed to protect penological interests. No one argues that Code 3.3, or any other prison disciplinary rule for that matter, is invalid. Instead, this case involves the sufficiency of the evidence presented at a formal disciplinary proceeding that resulted in a loss of good time credits, and a plain reading of the pre-2005 version of Code 3.3 makes it clear that infliction of a non-serious injury was required as an element of the offense in question. The district court erred in eradicating this element from the text of Code 3.3 and in approving punishment of Morgan pursuant to Code 3.3 for a "no injury" assault.

III.

Accordingly, we REVERSE the district court's judgment denying habeas relief and REMAND with instructions for the district court to enter an order that TDCJ must either (1) provide Petitioner with a new, constitutionally adequate hearing within ninety days of the date of the district court's order on remand, if TDCJ's disciplinary rules and Texas law provide for such a rehearing, or (2) vacate Petitioner's disciplinary conviction and reinstate his good time credits.