United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20888
Summary Calendar

SHANNON LYNN SHARP,

Petitioner-
Appellee,

versus

NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-
Appellant.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1511
--------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Nathaniel Quarterman appeals the judgment granting 28 U.S.C. § 2254 relief to Shannon

Lynn Sharp, Texas prisoner # 1167113, on his claim that the evidence was insufficient to support his

prison disciplinary conviction for trafficking and trading. Affording the issue de novo review, we

reverse and remand. *See Hudson v. Johnson*, 242 F.3d 534, 535 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Due process requires, at a minimum, that the record contain "some evidence" supporting the disciplinary decision. *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005). The "some evidence" standard is extremely deferential. *Id.* Therefore, on federal habeas review, we do not assess the weight of the evidence, *Hudson*, 242 F.3d at 537, and will overturn a prison disciplinary proceeding only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

The district court found that Officer Brooks, the charging officer, had mischaracterized offender Ian Smelser's written statement as a "confession" based on the court's reading of that statement. The district court held that because Smelser's statement was not a confession, neither the statement nor Brooks' representation to the hearing officer that Smelser had confessed qualified as "some evidence" to support Sharp's conviction.

At the prison disciplinary hearing, however, Brooks testified that during his interview with Smelser, Smelser confessed that he did drawings for money, which he sent to his family, and that he relied on Sharp to send the drawings to the "free world." This information was not contained in Smelser's written statement. Additionally, Brooks testified that Smelser's credibility was at issue because when initially questioned, Smelser denied having any knowledge of the third-party deposit at issue; however, Smelser's commissary spending history indicated that he indeed had knowledge of the deposit. Finally, Sharp admitted during the hearing that "[Smelser] was right that he does it [i.e., drawings] for money."

Consequently, based on the testimony adduced at the disciplinary hearing, there was "some evidence" to support a finding that Smelser had received third-party compensation from Sharp's mother in exchange for drawings. Given the deference owed to prison disciplinary decisions,

particularly where live testimony is concerned, the district court erred in reversing the decision. *See*

*Broussard*, 253 F.3d at 877.

REVERSED AND REMANDED.