# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 18-40972
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2019

Lyle W. Cayce
Clerk

WILLIAM N. RAND,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden,

Respondent-Appellee

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-238

_____

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William N. Rand, federal prisoner # 38642-177, appeals the denial of his 28 U.S.C. § 2241 petition challenging his prison disciplinary conviction for possessing a hazardous tool and his resulting loss of 41 days of good-time credits. The conviction was based upon, inter alia, an incident report stating, and photographs showing, that a prison employee discovered an unauthorized SD chip (chip) during a search of Rand's personal locker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40972

When his pro se brief is construed liberally, Rand argues only that the district court erred by denying his claims that (1) the disciplinary hearing officer (DHO), Aundra Thomas, was impartial, (2) the hearing evidence failed to establish that the chip constituted a hazardous tool under 28 C.F.R. § 541.3, (3) the hearing evidence failed to establish that he possessed the chip, and (4) he was denied due process because he was not afforded an opportunity to investigate and present exculpatory evidence.  Accordingly, he has abandoned all the other claims that he raised in the district court.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the district court's factual findings for clear error and its conclusions of law de novo.  *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  Rand does not meaningfully address the district court's conclusion that, because Thomas was not involved in the incident at issue, she was not biased.  *See* 28 C.F.R. § 541.8(b); *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984); *Brinkmann*, 813 F.2d at 748.

In reviewing whether the record evidence supports Rand's disciplinary conviction, we consider only whether "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (internal quotation marks and citation omitted).  We review this question of law de novo.  *See Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007).  "The 'some evidence' standard is extremely deferential—we have found a single report or testifying witness sufficient to support an adverse disciplinary decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005).  In light of both Thomas's declaration explaining the dangerousness of the chip and Bureau of Prisons Program Statement 5270.09, which holds inmates responsible for keeping their areas free of

No. 18-40972

contraband, the district court did not err by concluding that the incident report and photographs constitute some evidence supporting Rand's conviction for constructively possessing a hazardous tool. *See Teague*, 482 F.3d at 773.

Even if Rand is correct that he was improperly denied the opportunity to call witnesses and present evidence in his defense, *see Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), he must establish that he was prejudiced by the constitutional violation to obtain § 2241 relief. *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993). Rand does not meaningfully respond to the district court's holding, based upon Thomas's declaration, that he failed to show prejudice because the hearing outcome would not have changed had Thomas considered the evidence in question. *See Brinkmann*, 813 F.2d at 748. Rand's conclusory assertion that he was prejudiced simply because he lost good-time credits is insufficient to warrant § 2241 relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

AFFIRMED.