SUMMARY ORDER
John Johnson, an inmate appearing pro se, appeals from an order of the district court granting summary judgment in favor of the defendants in this action brought pursuant to 42 U.S.C § 1983. Johnson challenges the constitutionality of a disciplinary hearing held to determine whether he constructively possessed marijuana while incarcerated at the Green Haven Correctional Facility in April 2002. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues on appeal.
We review the grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See, e.g., Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003), cert. denied, 540 U.S. 823, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003). We must determine whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. Id.
Johnson argues that his rights under the Due Process Clause of the Fourteenth Amendment were violated because he received insufficient notice of the charge which initiated the proceeding at issue in this action. When disciplinary charges are brought against an inmate, the Constitution requires prison officials, inter alia, to give the accused advance written notice of the charges; the notice must be specific enough to permit the inmate to prepare a defense. Sira v. Morton, 380 F.3d 57, 70 (2d Cir.2004). Here, officials provided Johnson with a misbehavior report that included the date, time, and location of his alleged violation; the rule allegedly violated along with a brief desci'iption of that rule; and a summary of the incident indicating that marijuana had been found in a pilaster adjacent to Johnson’s prison cell. Although the version of the misbehavior report introduced at the disciplinary hearing included a sentence missing from the version previously served on Johnson, the absent sentence did not affect Johnson’s defense. The discrepancy between the two misbehavior reports therefore did not infringe Johnson’s due process rights. See Kalwasinski v. Morse, 201 F.3d 103, 108 (2d Cir.1999).
Johnson argues that the evidence against him was insufficient. “[Jjudicial review of the written findings required by due process is limited to determining whether the disposition is supported by ‘some evidence.’ ” Sira, 380 F.3d at 69 (quoting Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)). “This standard is extremely tolerant and is satisfied if there is any evidence in the record that supports the disciplinary ruling.” Id. (internal quotation marks omitted; emphasis in original). “Nevertheless ... the ‘some evidence’ standard requires some reliable evidence.” Id. (internal quotation marks omitted).
We conclude that “some evidence” supported the finding of Johnson’s guilt. The hearing officer testified that nineteen individually wrapped bags of marijuana were discovered in the pilaster adjacent to Johnson’s prison cell. A witness for Johnson testified that Johnson had access to the top of that pilaster from the interior of his cell. Johnson points to testimony that other inmates also had access to the relevant pilaster, but the evidence as a whole reflected that Johnson had the greater ability to access the pilaster without being observed than other inmates had.
*818 Even if the “some evidence” standard were not satisfied, the defendants nevertheless have qualified immunity against liability because they did not violate clearly established law. See Sira, 380 F.3d at 81. “[N]either this circuit nor the Supreme Court has clearly defined standards for determining what constitutes ‘some evidence’ in the context of prison disciplinary hearings; rather, decisions have addressed the problem piecemeal, focusing on the discrete problems raised by the facts of particular cases.” Id. Because we have not addressed the particular application of the “some evidence” standard to constructive possession charges in circumstances where several inmates have at least some access to an area where contraband is discovered, the defendants’ conduct did not violate Johnson’s clearly established due process rights.
We have reviewed Johnson’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.