NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1438
_____

MICAH A. SOLOMON,
Appellant

v.

WARDEN, FCI FAIRTON
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-01269 )
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 27, 2012

Before:  RENDELL, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed December 6, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Micah A. Solomon, a federal inmate proceeding pro se, appeals from the District

Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

We will affirm.

I.

Solomon was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, where he and two other inmates worked as orderlies in the receiving and discharge ("R&D") area. On March 31, 2008, Solomon told prison staff that a box of supplies was missing from the R&D area and that he saw one of his co-workers "pour[] some stuff" into a brown bag that contained a pair of sneakers. (Dkt. No. 1, p. 15.) He also said that an inmate tried to make an illegal trade with him by offering him a book of stamps to "move some stuff." (Id.)

The next day, a prison officer conducted a "shakedown" of the R&D area, finding a cell phone and other contraband items. Solomon and the two other orderlies were the only inmates with access to the area. Solomon received a prison incident report charging him with constructive possession of a cell phone, in violation of Code 108, Possession of a Hazardous Tool. The disciplinary hearing officer ("DHO") sustained the charges and imposed sanctions, including loss of good conduct time and phone privileges.[1]

In March 2011, Solomon filed a habeas petition pursuant to 28 U.S.C. § 2241, alleging that his due process rights were violated during the disciplinary proceedings because constructive possession was not proven by sufficient evidence. The District Court denied the petition, concluding that there was no due process violation and that the findings were supported by "some evidence," given that it was undisputed that the cell

_____

[1] The two other orderlies also received incident reports.

2

phone was found in an area to which Solomon had access. (Dkt. No. 10, p. 8.) Solomon

timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A challenge to a disciplinary

action resulting in the loss of good conduct time is properly brought pursuant to § 2241,

"as the action could affect the duration of the petitioner's sentence." Queen v. Miner,

530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de

novo, exercising plenary review over the District Court's legal conclusions and applying

a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310,

314 (3d Cir. 2007).

A prisoner has a liberty interest in good time credits. Id. at 317 n.4. The Supreme

Court has held that "revocation of good time does not comport with the minimum

requirements of procedural due process unless the findings of the prison disciplinary

board are supported by some evidence in the record."[2] Superintendent v. Hill, 472 U.S.

445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is

minimal and does not require examination of the entire record, an independent

assessment of the credibility of witnesses, or even a weighing of the evidence. See

---

[2] It is undisputed that Solomon was provided with (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

3

Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.

Solomon does not dispute the validity of the theory of constructive possession; rather, he contends that there is no evidence that he constructively possessed the cell phone. He argues that other orderlies had access to the R&D area, that prison staff exercised ultimate control over the area, and emphasizes that he notified prison staff of the presence of contraband prior to the shakedown. The District Court concluded that the disciplinary findings were supported by "some evidence," as required by Hill, and therefore Solomon's right to due process was not violated. (Dkt. No. 10, p. 8.) Specifically, the District Court determined that because the cell phone was found in Solomon's work area, where he was one of three orderlies with access, there was some evidence that he constructively possessed the cell phone.

We agree with the District Court. In the absence of direct evidence indicating an inmate's guilt of possession, the "some evidence" standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged. See White v. Kane, 860 F. Supp. 1075, 1079 n.5 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). While we recognize that the cell phone in this case was found in Solomon's work area, and not in his cell, see id. at 1078, and that he informed prison staff of the potential

4

presence of contraband prior to the shakedown, we cannot say that the District Court erred in denying his habeas petition.  In these circumstances, the District Court was under no obligation to examine the entire record or even weigh the evidence.  Thompson, 889 F.3d at 502.  Solomon was one of a few inmates who had access to the R&D area where the cell phone was found.  That constitutes some evidence of constructive possession (enough to support the conclusion of the DHO), and that is all that is required under Hill to satisfy due process.[3]  See id. ("The due process requirements in this context are minimal, and they are met here.")

III.

For the foregoing reasons, we will affirm the decision of the District Court.

---

[3] Solomon's reliance on United States v. Jenkins, 90 F.3d 814, 817-18 (3d Cir. 1996), is misplaced.  As the District Court pointed out, that case addressed the standard for constructive possession in the context of a criminal conviction, not a prison disciplinary proceeding.  (Dkt. No. 10, pp. 7-8.)