**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMON SIMON,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 13-6220
(D.C. No. 5:13-CV-00563-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, GORSUCH,** and **PHILLIPS,** Circuit Judges.

Ramon Simon, an Oklahoma state prisoner, says prison officials infringed his federal due process rights when they stripped him of "earned credits" and other administrative privileges for possessing a cell phone in defiance of prison rules. In Mr. Simon's view, his federal rights were denied because the prison punished him even though it lacked any evidence linking him to the cell phone. The district court treated Mr. Simon's case as a habeas petition arising under 28 U.S.C. § 2241; *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000),

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

but found relief unwarranted and denied Mr. Simon a certificate of appealability ("COA"). Mr. Simon now renews his request for a COA before this court.

We may grant a COA only if Mr. Simon first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that much, Mr. Simon must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our independent review of the record in this case, we agree with the district court that Mr. Simon has not met this threshold.

The evidentiary standard a prison must satisfy before revoking administrative privileges consistent with the guarantees of due process is minimal. A prison comports with due process so long as it possesses "some evidence" supporting its administrative decision. *See Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011). As the Supreme Court has explained, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). Only if there is no evidence "from which the conclusion of the administrative tribunal could be deduced" may its decision be disturbed. *Id.* at 455. This inquiry does not require "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," and courts must be mindful that "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators

must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Id.* at 455-46.

We cannot say this low threshold went unsatisfied here. To be sure, prison officials didn't see the cell phone in Mr. Simon's hands. And to be sure, the phone was hidden under a mop in a bathroom that many other inmates could access. But prison officials may show possession constructively as well as actually, and they may rely on circumstantial evidence to make their case. *United States v. Al-Rekabi*, 454 F.3d 1113, 1118-19 (10th Cir. 2006). That's what happened here. The cell phone was found alongside 1.1 grams of marijuana, both items under the head of a mop in the bathroom where Mr. Simon was by himself. No other prisoners were in the bathroom at the time. Given the adverse consequences of being caught with these items — as well as the feebleness of this particular hiding spot — it is a plausible inference that the owner of both items intended to store them there only temporarily, remained nearby, and was engaged in an activity that required him to remove these items from his person. Simply put, the defendants made a logical inference from the evidence that because Mr. Simon was the only inmate in the bathroom at the time, the items were his. The due process guarantee requires no more in the prison administrative context. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007); *see also Solomon v. Warden, FCI Fairton*, 506 F. App'x 147, 149 (3d Cir. 2012);

*Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010); *Johnson v. Goord*, 305 F. App'x 815, 817 (2d Cir. 2009).

Mr. Simon's request for a COA is denied, as is his request to proceed *in forma pauperis*. The appeal is dismissed. Mr. Simon is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge