United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30909
Summary Calendar

DENARD DARNELL NEAL,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-1743-FAL

Before GARWOOD, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Denard Darnell Neal, federal prisoner # 23843-008, appeals the
district court's dismissal of his 28 U.S.C. § 2241 habeas corpus
petition, challenging his prison disciplinary conviction of
attempted assault of a staff member. Neal was sentenced to lose 27
days of good-conduct time and to other penalties. Neal contends
that he was denied due process at his disciplinary hearing in

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

several respects.

The incident report alleged that on January 14, 2003, as Neal's cell door was being opened, he rushed toward the door and attempted to strike Officer Reed with his upper body. After being placed back in his cell, Neal did it again. Reed reported that Neal then had to be physically pushed back into his cell. In his habeas petition Neal alleged, however, that on that date he was assaulted by three members of the prison staff and that Reed then falsely charged Neal with attempted assault as a cover-up.

A federal prisoner inmate has a liberty interest in his accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). "When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements." Id. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Furthermore, a court's determination "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id.

Neal argues that he is entitled to relief because the

2

disciplinary hearing officer (DHO) erroneously assumed that a prison rule required an inmate to move to the back of his cell when his cell door was being opened. Neal also asserts that the DHO found that the attempted assault occurred inside the cell whereas Officer Reed stated that it took place at the cell door. Neal avers that both the DHO's report and Reed's incident report are false.

Neal's argument has no merit because the hearing report shows that the DHO found the facts to be as stated in Reed's incident report and in other hearing evidence. It is immaterial whether Neal violated a rule requiring him to stand at the back of his cell, because he was charged with attempted assault.

Neal complains that the DHO erred by relying on a memorandum from a correctional officer who did not witness the incident. He also asserts that the DHO relinquished control of the hearing to the officer. This is refuted by the DHO's report of the hearing, which includes his findings and reasons for the decision. The DHO stated that he based his decision on Reed's report and testimony and the eyewitness testimony of a prison counselor. This was fully adequate evidence to support Neal's conviction. See Hill, 472 U.S. at 455-56.

Neal contends that he was denied due process by the DHO's refusal to review the surveillance videotape of the incident. He asserts that the tape shows that Officer Reed is lying. As proof, he attached as an exhibit to his brief copies of six still photos of the area outside his cell, made from the tape. Neal asserts

3

that they show an officer pushing (assaulting) him.

The still photos are not conclusively favorable to Neal, however. They also support Reed's evidence, accepted by the DHO, that Neal had to be physically pushed back into his cell. Moreover, there is no indication that any of the tape shows what happened inside Neal's cell, which is where, Reed testified, the offense took place. If the tape showed that, then Neal should have filed relevant extracts from the tape as his exhibits – apparently he had access to the complete tape. Accordingly, Neal has not shown that the DHO's refusal to review the videotape denied him due process, i.e., fundamental fairness. See, e.g., Neal v. Cain, 141 F.3d 207, 214 (5th Cir. 1998).

Neal contends that he was denied due process because the DHO failed to give him access to four memorandums used to find him guilty. However, the report indicates that the DHO based Neal's conviction on evidence provided by Reed and the counselor. The report does not advert to whether Neal asked to see these memorandums, what they stated, or that Neal knew they existed. At any rate, he has not shown or even argued that they had any effect on the result of the hearing, or how the DHO may have abused his discretion in not providing Neal access to the memorandums. See Wolff, 418 U.S. at 566 (discretion of prison officials); Richards v. Dretke, 394 F.3d 291, 294-96 (5th Cir. 2004); Smith v. Rabalais, 659 F.2d 539, 541, 546 (5th Cir. 1981).

Neal contends that he is entitled to relief because the magistrate judge obtained relevant documents from prison officials

4

without giving him access to them.  He argues that this denied him the right to challenge evidence the DHO used against him.  This lacks merit because Neal could have sought to obtain the record and exhibits from this court for use in preparing his brief. Furthermore, most if not all of the relevant evidence is summarized in the DHO's report, a copy of which Neal undoubtedly received. See Hill, 472 U.S. at 455; Richards v. Dretke, supra; Smith v. Rabalais, supra.

Neal argues that the magistrate judge adjudicated his case on the merits without the parties' consent pursuant to 28 U.S.C. § 636(c).  This is refuted by the magistrate judge's report, which shows that he merely proposed findings and recommendations, and by the district court's final order that adopts the report.

Neal asserts that the magistrate judge violated 28 U.S.C. § 636 by denying his motion for discovery.  Because Neal did not appeal the magistrate judge's ruling to the district court, however, this court lacks jurisdiction to consider the issue. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1988).

AFFIRMED.