IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50973
Summary Calendar

RAY WILLIAM WAHL

Petitioner-Appellant

v.

BUREAU OF PRISONS OFFICERS

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-172

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ray William Wahl, federal prisoner # 43488-180, was convicted of two firearms-related charges and sentenced to serve thirty months in prison and a three-year term of supervised release. He filed a habeas corpus petition to challenge the manner in which he is being given credit for time served. See 22 U.S.C. § 2241. The district court denied the petition, and Wahl appeals.

Wahl contends that he is entitled to federal credit for his state sentence because his state detention was exclusively due to federal action. He also alleges

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he should have been appointed counsel, had an evidentiary hearing, and been permitted to conduct discovery.

We review the district court's determinations of law de novo and its findings of fact for clear error. Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998). Wahl's argument that his state custody was "exclusively the product" of federal action relies on this court's opinion in Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971). However, Ballard was interpreting the time-crediting statute in effect at the time, 18 U.S.C. § 3568. Section 3568 was repealed by the Sentencing Reform Act of 1984. United States v. Caraveo-Nunez, 992 F.2d 323, *1 (5th Cir. 1993) (unpublished). A new statute applies to cases, like Wahl's, where the offense was committed after November 1, 1987. Id. (citing 18 U.S.C. § 3585). The new statute provides that a defendant is only entitled to federal credit if he has not already received credit against another sentence, i.e., his state sentence. See 18 U.S.C. § 3585(b).

The record shows that Wahl received credit towards his state sentence for the time he spent in state custody. Wahl does not argue otherwise. Consequently, the district court did not err by denying his Section 2241 petition. See 18 U.S.C. § 3585(b); Leal v. Tombone, 341 F.3d 427, 430 (5th Cir. 2003) (Bureau of Prisons not required to credit state custody time toward federal sentence where time was credited against state sentence); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991) (defendant not entitled to federal credit for time spent in state custody because he received credit on his state sentence).

The district court likewise did not err by denying Wahl's Section 2241 petition without appointing him counsel, permitting him to conduct discovery, or holding an evidentiary hearing. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hill v. Johnson, 210 F.3d 481, 487 (5th Cir. 2000); Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.