# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2011

No. 10-60879
Summary Calendar

Lyle W. Cayce
Clerk

BACKARI MACKEY,

Petitioner-Appellant

v.

FEDERAL BUREAU OF PRISONS; BRUCE PEARSON, Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-90

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Backari Mackey, federal prisoner # 21282-001, appeals the denial of his 28 U.S.C. § 2241 petition, which he filed to challenge his disciplinary proceeding. Mackey was convicted of use of marijuana and was sanctioned with a 30-day term of disciplinary segregation, which was suspended pending 180 days of clear conduct, loss of 40 days of good conduct time, and visitation restrictions. We review the district court's legal conclusions de novo; factual findings are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for clear error. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

Mackey does not challenge the district court's determination that he received the required due process protections. *See* white brief, 1-12. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Mackey has abandoned any challenge to the district court's determination that he received the protections mandated by the Due Process Clause. *See id.*

Mackey's claims for habeas relief are based on the assertion that prison officials acted arbitrarily and capriciously by failing to follow certain federal regulations and Bureau of Prisons (BOP) policy statements. Specifically, he contends that he is entitled to relief because prison officials (1) failed to comply with BOP Policy Statement 6060.08 in that they did not mail his urine sample for testing within 72 hours of collection; (2) failed to investigate the presence of another inmate's identification number on his incident report, as required by BOP Policy Statement 5270.07; (3) failed to record a statement he gave to the Unit Discipline Committee; (4) improperly referred his case to the Disciplinary Hearing Officer (DHO) "for appropriate sanctions"; (4) failed to advise him of the right to challenge the testing process of his urine sample through the Administrative Remedy Procedure, as required under 28 C.F.R. § 541.14; and (6) improperly allowed the prison unit's Case Manager Coordinator to act as the Alternate DHO.

Collateral relief is not available for failure to comply with the formal requirements of rules in the absence of any indication that the petitioner was prejudiced. *See Davis v. United States*, 417 U.S. 333, 346 (1974) (28 U.S.C. § 2255 case). Here, the National Toxicology Laboratories reported that a urine sample provided by Mackey tested positive for marijuana. Mackey has not established that there were any defects in the chain of custody as to his urine

sample, nor has he shown that any delay in mailing the sample for testing affected the results of the laboratory analysis. The evidence of Mackey's positive drug test was considered at Mackey's disciplinary hearing; additionally, Mackey admitted at the disciplinary hearing that he had smoked marijuana. Given the positive laboratory test, and Mackey's admission of guilt, Mackey fails to establish that any of the alleged violations of federal regulations and/or BOP policy statements resulted in the required prejudice. *See id.*

AFFIRMED.