# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2011

No. 10-60967

Lyle W. Cayce
Clerk

RODNEY ARCENEAUX

Petitioner-Appellant

v.

BRUCE PEARSON, Warden
FCC-Yazoo City

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi, Vicksburg
No. 5:09-CV-86

Before JONES, Chief Judge, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Rodney Arceneaux appeals the denial of his 28 U.S.C. § 2241 petition challenging his prison disciplinary conviction, arguing that the prison disciplinary officer's failure to view a surveillance tape and the prison's failure to provide him a staff representative violated his due process rights. We conclude that the prison disciplinary hearing satisfied the requirements of due process and therefore AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60967

I.

In 2009, Rodney Arceneaux (Arceneaux) was convicted in a prison disciplinary hearing of assault and refusing to obey an order. In issuing his decision, the disciplinary hearing officer (DHO) relied on a written statement made by Officer J. Ponthieux (Ponthieux). According to Ponthieux's statement, on August 7, 2008, he was escorting Arceneaux back to his cell from the recreation area when Arceneaux sat on the floor and refused to stand up. When Ponthieux and Officer J. Johnson (Johnson) tried to lift Arceneaux, Arceneaux laid down and began kicking and cursing at the officers. After the officers gained control of Arceneaux and escorted him to the shower, Arceneaux kicked Ponthieux in the groin. Johnson's written statement confirmed Ponthieux's account.

An inmate testifying on Arceneaux's behalf at the disciplinary hearing stated that he saw the officers holding Arceneaux by the arms and dragging him to the shower, and that it looked like they were trying to "rough him up." Arceneaux testified that the officers never ordered him to stand up and that they were trying to drag him while he was handcuffed. Arceneaux denied kicking Ponthieux.

The DHO also considered reports by prison medical staff, which stated that Ponthieux reported being kicked in "a private area" and that Arceneaux showed no signs of injury but complained of chest pain.

Arceneaux filed a § 2241 petition, arguing that the DHO violated his due process rights by declining to view a surveillance video of the incident despite Arceneaux's request that he view it. Arceneaux also asserted that he was not informed of his right to have staff representation and to obtain and review exculpatory evidence.

No. 10-60967

The magistrate judge recommended dismissal of Arceneaux's § 2241 petition, based on his determination that Arceneaux failed to show that the video had prejudicial value. The magistrate judge further determined that Arceneaux had no constitutional right to a staff representative and that sufficient evidence was presented to satisfy the "some evidence" standard to support the sanctions.

Arceneaux filed objections. The district court adopted the magistrate judge's report and recommendation and dismissed Arceneaux's § 2241 petition.

## II.

Because Arceneaux is proceeding under § 2241, he is not required to obtain a COA to pursue his appeal.[1] "In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo."[2]

## III.

Arceneaux contends that his due process rights were violated in a prison disciplinary proceeding that resulted in the loss of, inter alia, fifty percent of his accumulated good-time credits. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[3] But a state-created right to credit for good behavior confers a liberty interest in prisoners who earn it,[4] and "revocation of such credit must comply with minimal procedural requirements."[5] In the prison disciplinary hearing context, due process typically requires notice, an opportunity to call witnesses and present evidence, and that "some evidence"

---

[1] *See Jeffers v .Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

[2] *Id.*

[3] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[4] *Id.* at 557.

[5] *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

No. 10-60967

supports the ruling, but those requirements are flexible and must be balanced against "legitimate penalogical interests."[6]

## A.

Arceneaux claims that the DHO's failure to watch a surveillance tape of the footage was a violation of his due process right to present documentary evidence. The right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearings, it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings. We have held prison hearings to be fair where inmates sought to introduce surveillance video and were not permitted to do so.[7] In *Neal v. Casterline*, 129 Fed. App'x 113 (5th Cir. 2005), the DHO's failure to watch security footage did not violate the inmate's due process rights, because still photos from the tape tended to support the wardens' account of the incident, and because the inmate did not prove that the tape would have shown the inside of his cell. This case differs from *Neal* in that neither still photographs from surveillance footage nor the footage itself was available to Arceneaux. But the *Neal* case illustrates the basic principle that a failure to review available documentary evidence does not in itself render a hearing unfair.

Arceneaux was given notice of the charges against him and had the opportunity to call witnesses. He had ample opportunity to present his account of the events, both through his own statement and the testimony of the inmate he called to testify on his behalf. Furthermore, while the incident report indicates that Arceneaux told officers to look at the video, there is no evidence

---

[6] *Id.*; *Wolff*, 418 U.S. at 556.

[7] *See Neal v. Casterline*, 129 Fed. App'x 113, 114 (5th Cir. 2005) (holding that the DHO's failure to observe a surveillance video did not violate inmate's due process rights); *Clements v. Dobre*, 273 F.3d 1107, at *1 (5th Cir. 2001) (unpublished)(holding that prison's failure to produce video of the incident in question did not violate inmate's due process rights).

No. 10-60967

that Arceneaux made any official request for the video before or during the hearing, which he could have done when requesting his own witnesses. In fact, there is no evidence that a surveillance video existed at the time of the hearing, much less that such a video, if it existed, would have contained any exculpatory evidence. The fact that the DHO did not watch surveillance footage, assuming such footage existed, did not in itself render the hearing unfair.

## B.

Arceneaux also contends that his due process rights were violated when the prison staff failed to read him his rights before his hearing, thus depriving him of his right to obtain a staff representative.

An inmate does not have a constitutionally protected right to representation during prison disciplinary hearings.[8] *Wolff* held that an inmate should be allowed to seek the assistance of a fellow inmate or staff member if the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case."[9] Arceneaux is not illiterate, nor does he contend to be. The sole issue in his case was whether he disobeyed orders and kicked Ponthieux, which was not complex. Arceneaux therefore has not shown that he required the assistance of a fellow inmate or staff representative.

## IV.

Arceneaux has not shown either that the DHO's failure to watch a surveillance tape rendered his hearing unfair, or that he was entitled to a representative at the hearing. The disciplinary hearing complied with the "minimal procedural requirements" established in *Wolff*, and we therefore AFFIRM the district court's dismissal of Arceneaux's § 2241 petition.

---

[8] *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009).

[9] *Wolff*, 418 U.S. at 570.