# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

STERLING J. MCKOY,

Petitioner-Appellant

v.

JOHN B. FOX, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-892

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Sterling J. McKoy, federal prisoner # 19319-047, appeals from the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging his prison disciplinary conviction for committing a sexual act during a prison parenting class on May 27, 2008.

McKoy raises numerous issues as to the disciplinary hearing officer's (DHO) rulings during his disciplinary hearing, and he relies on both the Due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41227

Process Clause and on the regulations governing disciplinary hearings.  First, he argues that the DHO committed evidentiary errors, particularly as to the list of questions he wanted teacher Laura Wheeler to answer, his request that the entire class be called to testify, his desire to have all class members interviewed if they were not called testify, the video footage he alleges would have contradicted Wheeler's incident report, and documentation showing that he had been approved for a transfer before the incident in Wheeler's class.  Second, McKoy argues that the DHO failed to consider his evidence or weigh it against Wheeler's incident report, that the DHO failed to consider his version of events, and that the DHO employed an incorrect evidentiary standard.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell,* 418 U.S. 539, 556 (1977).  Accordingly, a prisoner is entitled to only the following: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) "a written statement by the factfinders of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 563-70; *see also Morgan v. Quarterman,* 570 F.3d 663, 668 (5th Cir. 2009).  In addition, there must be "some evidence" in the record which supports the disciplinary decision.  *Morgan,* 570 F.3d at 668. Even if a prisoner establishes that he was denied the procedural protections guaranteed by *Wolff*, he must further establish that he was prejudiced by the constitutional violation to obtain habeas relief.  *See Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) (upholding denial of habeas relief where insufficient notice of disciplinary charge was provided because inmate failed to demonstrate prejudice); *see also Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.

1991) ("Before we will issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation.").

The DHO's report indicated that the DHO denied the request for the testimony of the entire class, that McKoy agreed that the written statements of other prisoners presented at the hearing were sufficient, and that he waived the personal appearances of those prisoners. Moreover, in light of McKoy's own testimony and the statements provided by other prisoners in the class, any other testimony would have been cumulative. The DHO ascertained that there was no video recording of the class, and Wheeler stated in her sworn declaration that there was no video camera in her classroom. The DHO could not have obtained evidence that never existed.

Prisoners do not have a due process right to cross-examination or confrontation during prison disciplinary hearings. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). McKoy had no constitutionally protected right to question Wheeler, whether before or during the hearing. Wheeler's incident report succinctly stated her version of events, and McKoy had no right to obtain any more evidence from her. *See Broussard*, 253 F.3d at 876.

Next, McKoy argues that the prison staff representative appointed to represent him at the disciplinary hearing had inadequate time to prepare for the disciplinary hearing, failed to gather evidence, and failed to interview potential witnesses.

"An inmate does not have a constitutionally protected right to representation during prison disciplinary hearings." *Arceneaux v. Pearson,* 449 F. App'x 396, 398 (5th Cir. 2011) (citing *Wolff,* 418 U.S. at 570). However, "[w]here an illiterate inmate is involved" or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the

evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff,* 418 U.S. at 570.

The pleadings submitted by McKoy do not evince illiteracy, and the issues in his disciplinary case were not complex. Either he was masturbating in class or he was not. Moreover, McKoy was able to obtain the statements of some of his classmates, and he requested other evidence. Additionally, the DHO's report indicated that McKoy himself prepared adequately for the hearing. The Due Process Clause did not require appointment of a representative for McKoy. *See Arceneaux,* 449 F. App'x at 398. Any shortcomings in his representative's actions at the hearing did not violate the Due Process Clause.

McKoy contends that the evidence was insufficient to support his disciplinary conviction under the "some evidence" standard. He notes that the disciplinary report does not actually allege he was masturbating, and he suggests in some detail that it would have been mechanically impossible for him to masturbate at a desk in Wheeler's classroom.

Wheeler's incident report indicated that McKoy had his hand inside his pants and that he was moving his hand in a stroking motion. The finding of guilt therefore was supported by some evidence in the record. *See Morgan,* 570 F.3d at 668.

Next, McKoy contends that *United States ex. rel. Accardi v. Shaughnessy,* 347 U.S. 260 (1954), should apply to the Bureau of Prisons' (BOP) disciplinary hearing regulations. "The *Accardi* doctrine stands for the unremarkable proposition that an agency must abide by its own regulations." *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir. 2007) (internal quotation

marks and citation omitted).    Nevertheless, in the context of prison regulations, failure to follow them, without more, does not amount to a constitutional violation.  *See id.*; *Mackey v. Federal Bureau of Prisons,* 440 F. App'x 373, 374-75 (5th Cir. 2011).  "Collateral relief is not available for failure to comply with the formal requirements of [federal regulations and BOP policy statements] in the absence of any indication that the petitioner was prejudiced."  *Mackey,* 440 F. App'x at 374-75.

The DHO's report indicated a detailed consideration of the evidence under the correct evidentiary standards, and McKoy's contentions that the disciplinary hearing did not comply with the Due Process Clause are unavailing.    McKoy has not demonstrated any prejudice arising from any failure to comply with the BOP's regulations.  *See Mackey,* 440 F. App'x at 874-75.

McKoy argues that the district court failed to make findings of fact and conclusions of law as to his claim that the DHO failed to consider the testimonial and documentary evidence produced at the disciplinary hearing. The district court, however, reviewed McKoy's claims adequately, and any failure to address a particular argument is at most harmless error, *see* FED. R. CIV. P. 61.

Finally, McKoy argues that the district court erred by not holding an evidentiary hearing.  "To receive a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief."  *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (28 U.S.C. § 2254 case); *Wahl v. Bureau of Prisons Officers*, 281 F. App'x 359, 360 (5th Cir. 2008) (applying *Ellis* in § 2241 context).  McKoy alleges no facts warranting an evidentiary hearing.  *See Ellis*, 873 F.2d at 840.

AFFIRMED.