# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2016

Lyle W. Cayce
Clerk

MARK JACQUES,

Petitioner-Appellant

v.

BUREAU OF PRISONS; WARDEN UNITED STATES PENITENTIARY POLLOCK,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2745

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Proceeding pro se and in forma pauperis, Mark Jacques, federal prisoner # 75560-004, appeals the district court's denial and dismissal of his 28 U.S.C. § 2241 petition challenging a prison disciplinary proceeding on the ground that his right to procedural due process was violated by the failure of prison officials to serve him with an incident report within twenty-four hours of becoming

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aware of his involvement in the incident, as set forth in a Bureau of Prisons regulation.  He asserts that, as a result of the disciplinary proceedings, he was unable to seek a transfer to a different facility and was placed in solitary confinement.  He also asserts that his commissary and visitation privileges were suspended.

In reviewing a denial of habeas relief, we review the district court's legal conclusions de novo and its factual findings for clear error.  *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  The district court's denial of relief may be affirmed on any basis apparent in the record.  *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

To establish a due process violation, a prisoner must show that he was deprived of a liberty interest protected by the Constitution or other law.  *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).  Not every punishment for prison misconduct implicates a protected liberty interest.  *See id.* at 485–87.  As relevant here, "[t]he Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement," and "a prisoner has no liberty interest in being housed in any particular facility."  *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000).  Nor do the temporary loss of commissary and visitation privileges support a due process claim.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) ("Clearly, Malchi's thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) ("Berry has no constitutional right to visitation privileges.").

In any event, Jacques's assertion that his procedural due process rights were violated is based solely on the failure of prison officials to comply with a Bureau of Prisons rule providing that a prisoner "will *ordinarily* receive the incident report within 24 hours of staff becoming aware of [the prisoner's]

involvement in the incident." 28 C.F.R. § 541.5(a) (emphasis added). Even assuming that Jacques sufficiently alleged a violation of a prison regulation, a failure to follow such procedures does not necessarily "establish a violation of due process, because 'constitutional minima may nevertheless have been met.'" *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989) (citation omitted). The record does not reflect that prison officials failed to provide Jacques with required due process protections. *See, e.g.*, *id.* at 1252 (stating that a prisoner punished by solitary confinement and a loss of good-time credits must receive (1) written notice of the charges at least twenty-four hours *before the hearing*, (2) a written statement of the evidence and reasons for the punishment, and (3) the opportunity to call witnesses and present evidence in his defense); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974). In addition, Jacques has not shown that he was prejudiced by the failure of prison officials to strictly comply with the time frame provided in § 541.5(a), especially since Jacques states that he received the incident report in less than thirty-six hours. *See Mackey v. Fed. Bureau of Prisons*, 440 F. App'x 373, 374–75 (5th Cir. 2011) ("Collateral relief is not available for failure to comply with the formal requirements of rules in the absence of any indication that the petitioner was prejudiced.").

For these reasons, the judgment of the district court is AFFIRMED.