UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Marion Simuel

v.

Case No. 21-cv-127-SE
Opinion No. 2022 DNH 143

Warden, FCI Berlin


O R D E R

Marion Simuel, proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2241 from sanctions imposed following a disciplinary hearing on Incident Report No. 3358208. After previous motion practice, the remaining issue in the case is whether the Disciplinary Hearing Officer ("DHO") violated Simuel's due process rights by failing to obtain and review video evidence for purposes of the disciplinary hearing.[1] Both Simuel and the warden move for summary judgment. See doc. nos. 28 (Simuel's motion) & 29 (the warden's motion).

---

[1] The court notes that Simuel's instant filings mention Brady v. Maryland, 373 U.S. 83, 87 (1963), in connection with the DHO's failure to view the requested video footage. Simuel repeatedly mentioned Brady in relation to the video evidence in prior filings as well although, there too, he alleged only that the DHO refused to review the footage. Doc. no. 25 at 7 n.5. In its prior order, the court acknowledged that Simuel may intend to argue that he was deprived access to the video but that he had not yet done so. Id. Simuel has still not argued that he requested access to the video so that he could review it himself and that such a request was denied. Therefore, the court finds that Simuel's remaining claim against the warden does not allege a Brady violation and, thus, it need not address Brady to resolve the pending cross-motions for summary judgment.

## Standard of Review

The court treats cross-motions for summary judgment separately, drawing inferences in the nonmoving party's favor. AJC Intern., Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

An objection to a motion for summary judgment cannot be supported by mere allegations but instead must be based on citations to competent materials in the record. Fed. R. Civ. P. 56(c)(1). An affidavit or declaration submitted for purposes of supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant

2

is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

An affidavit must be sworn before a notary public or other official. See, e.g., Jenkins v. Winter, 540 F.3d 742, 747 (8th Cir. 2008). An unsworn declaration must meet the requirements of 28 U.S.C. § 1746, by being subscribed to "as true under penalty of perjury," in the following suggested form: "I declare . . . under penalty of perjury that the foregoing is true and correct." The declaration must then be signed and dated. Id. Anyone who knowingly makes a false material statement of fact in a document that is sworn to or signed under penalty of perjury has committed the crime of perjury and may be punished by a fine and/or a prison term of up to five years. 18 U.S.C. § 1623.

## Background[2]

Incident Report No. 3358208 ("Report") charged Simuel with violating Bureau of Prisons ("BOP") Code 205, engaging in a sexual act. The Report states that Simuel was lying on his bed, exposing himself and vigorously masturbating while looking directly at a female officer. The Report further states that the officer gave Simuel a direct order to stop and that he did not.

---

[2] A more detailed background of the case can be found in prior orders. The court includes only the factual background necessary to resolve the parties' instant motions for summary judgment. These facts are undisputed unless otherwise noted.

3

Simuel had a disciplinary hearing in front of a DHO. According to the DHO's report, Simuel "mentioned" video footage, seemingly from the prison security system, at the hearing. Doc. no. 10-1 at 1. The DHO report states, "however, [Simuel] did not want to postpone the hearing for [his] staff representative or DHO to watch the video," and "[Simuel] indicated [he was] ready to proceed." Id. Simuel did not call any witnesses at the hearing, but he made a brief statement in his own defense saying that he was not guilty and that he had been asleep.

The DHO found Simuel guilty of a BOP Code 205 violation as charged in the Report. The DHO considered Simuel's statements but found the relevant Report and Simuel's disciplinary history of BOP Code 205 violations to be more credible. Simuel lost 27 days of vested good-conduct time and 60 days of nonvested good-conduct time and received other sanctions.

Simuel brought a § 2241 petition that is the subject of this order. Relevant to the remaining issue in this case, Simuel alleges that the DHO had an obligation to review the video evidence to determine its relevance and that the failure to do so violated his procedural due process rights.

The parties both move for summary judgment on the issue of whether the DHO violated Simuel's due process rights by not reviewing the video evidence for purposes of the disciplinary hearing. In support of his motion and in opposition to Simuel's

4

motion, the warden relies on the declaration of the DHO, Anita Cano. Cano provided statements of fact about the disciplinary proceeding against Simuel arising from Incident Report No. 3358208, including information about the video surveillance system, Simuel's mention of the video at the disciplinary hearing, Cano's offer to postpone the hearing so that she and Simuel's staff representative could watch the video, and Simuel's decision not to postpone the hearing and instead to go forward. Cano concluded her declaration with the following statement: "I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge." Doc. no. 29-1 at 2. Cano signed and dated the declaration. Id.

In support of his motion, Simuel asserts for the first time that he did want to postpone the hearing. That assertion is contained in a document titled, "Sworn Affidavit." Doc. 28-1. Despite the title, the document was not sworn before a notary public or other authorized official.

I.    Simuel's Motion for Summary Judgment

Simuel repeatedly argues in his motion that his "Sworn Affidavit" entitles him to summary judgment. He is wrong for two reasons.

The first is that the "Sworn Affidavit" is not competent evidence for the purpose of summary judgment. As mentioned

5

above, the document was not sworn before a notary public or other official. Nor does it comply with the requirements for an unsworn declaration under § 1746, which requires the declarant to swear, under penalty of perjury (which may be punished by a prison term of up to five years), that his statements are true. As such, Simuel points to no competent evidence to support his motion.

Even if the court could consider the statement in Simuel's "Sworn Affidavit," it would still deny his motion. Cano's sworn declaration states that, as Simuel acknowledges, she offered to postpone the hearing so that she and Simuel's staff representative could watch it. The declaration also states that Simuel declined the invitation to do so and chose to move forward with the hearing, thus waiving his right to require consideration of the video. Accordingly, Cano's sworn declaration contradicts Simuel's statement in his "Sworn Affidavit" and, therefore, would create a genuine issue of material fact. As a result, even if Simuel had submitted competent evidence, the court would still deny his motion.

II. The Warden's Motion

If the warden's version of the events surrounding the video, as set forth in Cano's declaration, is not disputed by competent evidence, he would be entitled to summary judgment.

6

Absent a prisoner's request, disciplinary proceedings need not involve consideration of surveillance video evidence as a matter of course to comport with due process. See, e.g., Arceneaux v. Pearson, 449 F. App'x 396, 398 (5th Cir. 2011). Also, pursuant to federal regulations, the DHO would consider "all evidence presented at the hearing." 28 C.F.R. § 541.8. The warden has pointed to evidence that shows that Simuel waived his right to require the DHO to consider the video.

Simuel has not submitted competent evidence to oppose the warden's motion for summary judgment. In the absence of competent evidence, Simuel cannot and has not shown a genuine dispute of material fact precluding summary judgment.

Because of Simuel's pro se status, however, the court will afford him the opportunity to file a competent affidavit or unsworn declaration under § 1746, in the form provided above, if it is appropriate for him to do so given the prohibition against perjury as stated above. If appropriate, Simuel shall file an affidavit or unsworn declaration within 30 days of the date of this order. Failure to provide competent evidence will result in the court granting the warden's motion for summary judgment.

In light of Simuel's pro se status, the court clarifies that Simuel's motion for summary judgment is denied with prejudice. In other words, even if Simuel produces competent evidence to support the statements in his "Sworn Affidavit," he

7

will not be entitled to summary judgment because the warden has produced competent evidence to, at the very least, create a genuine issue of material fact as to the relevant issue.

Conclusion

For the foregoing reasons, Simuel's motion for summary judgment (doc. no. 28) is denied with prejudice. The court holds its ruling on the warden's motion for summary judgment (doc. no. 29) in abeyance for 30 days as provided above.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

November 14, 2022

cc: Marion Simuel, pro se.
    Seth R. Aframe, AUSA.